# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF ROBERT R. MORISHITA, BAR NO. 6752.

No. 74280

FILED

MAR 09 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF DISBARMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Robert R. Morishita be disbarred based on violations of RPC 1.1 (competence); RPC 1.3 (diligence); RPC 1.4 (communication); RPC 1.5 (fees); RPC 1.15 (safekeeping property); RPC 1.16 (termination of representation); and RPC 8.4(b), (c), and (d) (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Morishita committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Morishita failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Morishita

---

[1]The State Bar attempted to serve Morishita with the complaint and other notices as required by SCR 105(2) by certified mail at his SCR 79 address. SCR 109. All mail sent to the SCR 79 address was returned as undeliverable. The State Bar also attempted to contact Morishita by phone, email, and through social media with no success. Other efforts to locate Morishita also failed.

18-09343

violated the above-referenced rules by failing to diligently pursue actions on behalf of his clients, by knowingly obtaining money from his clients under false pretenses, by abandoning his law practice without properly terminating the representation of his clients, by failing to appropriately handle client files, and by failing to cooperate with the bar investigation and proceeding. Specifically, Morishita intentionally deceived a set of clients by falsifying a government document and leading the clients to the mistaken belief that their legal matter was still ongoing, and also failed to properly handle numerous client files by abandoning them in a storage unit.

As for the appropriate discipline for these violations, this court reviews a hearing panel's recommendation de novo, although the panel's recommendation is persuasive. SCR 105(3)(b); *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). To determine the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Morishita violated duties owed to his clients (competence, diligence, communication, safekeeping property, and terminating representation) and the profession (fees and misconduct). The conduct alleged in the complaint was done knowingly and intentionally. Morishita's clients suffered actual injury because they paid Morishita for work that was never completed, they had to pay additional money to correct issues caused by Morishita's lack of diligence, and the delays hindered their ability to profit from a business venture for nearly five years. Additionally, other clients were injured because Morishita abandoned his law practice without properly terminating their representation or returning their files.

Morishita's failure to cooperate with the State Bar's investigation also harmed the integrity of the profession, which depends on a self-regulating disciplinary system.

The baseline sanction before considering the presence of any aggravating or mitigating circumstances is disbarment. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."); Standard 4.41 (indicating that disbarment is generally appropriate when "a lawyer abandons the practice and causes serious or potentially serious injury to a client" or "knowingly fails to perform services for a client and causes serious or potentially serious injury to a client" or "engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client"); Standard 5.11(a), (b) (providing that disbarment is appropriate when a lawyer engages in "serious criminal conduct . . . which includes intentional interference with the administration of justice" or "engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice").

The hearing panel found one mitigating circumstance; that Morishita had no prior disciplinary record. SCR 105(2). We agree with the hearing panel that this mitigating circumstance does not warrant a lesser discipline when considering the numerous aggravating circumstances found by the panel that are supported by the record (dishonest or selfish motive, obstruction of the disciplinary proceeding by intentionally failing to comply with rules or order, refusal to acknowledge the wrongful nature of conduct,

indifference to making restitution, and illegal conduct). Morishita's conduct of failing to diligently pursue his clients' matters, intentionally deceiving clients in order to misappropriate funds, and abandoning his law practice without properly terminating his clients' representation along with his indifference to the disciplinary proceedings indicate that disbarment is necessary in order to protect the public, the courts, and the legal profession. *See State Bar of Nev v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

Accordingly, we disbar attorney Robert R. Morishita from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Morishita shall pay the costs of the disciplinary proceedings, including $3,000 under SCR 120, and pay $4,100 in restitution as recommended in the hearing panel's findings of fact, conclusions of law, and recommendation, within 30 days of the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.                    _____, J.
Cherry                                  Gibbons

_____, J.                    _____, J.
Pickering                               Hardesty

_____, J.                    _____, J.
Parraguirre                             Stiglich

cc: Chair, Southern Nevada Disciplinary Panel
Robert R. Morishita
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court